UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ELIZABETH GRANT; GRACE GRANT,

                    Plaintiffs,

             -against-

ADA KIRAN CHEENA; ADA DIXON GORDEN;
ADA NICOLETTA CAFFERRI,

                    Defendants.
---------------------------------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-4876 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

On or about August 15, 2019, plaintiff Elizabeth Grant ("Grant"), then an inmate on Rikers Island, commenced this *pro se* civil rights action on behalf of herself and her mother, Grace Grant, against three Assistant District Attorneys – Kiran Cheena, Dixon Gorden, and Nicoletta Cafferri (collectively, "Defendants") – who were involved in prosecuting Grant for felony assault. Grant's application to proceed *in forma pauperis* is granted but, for the reasons stated below, the action is dismissed with prejudice.

## BACKGROUND

The following facts are drawn from a partially legible form complaint, the allegations of which are assumed to be true for purposes of this memorandum and order. At some unspecified time, Grant was prosecuted on felony charges in the Supreme Court of the State of New York, Queens County. ADA Cheena tried the case in front of Justice Daniel Lewis, though ADA Gorden was also present in the courtroom. The complaint implies that Cheena committed a *Brady* violation by illegally withholding "favorable evidence." (Compl. (Doc. No. 1) at ¶ II.) It further implies that Cheena engaged in some sort of prosecutorial misconduct by relying on "falsehoods to convict" Grant and by engaging in "character assassination." (*Id.*)

Gorden "spent the whole trial [in] ... the audience," but provided Cheena with "ideas to try to find reasons to falsely convict" Grant. (*Id.*) Grant complained to the judge and defense counsel that this was "unfair," but to no avail. (*Id.*) According to the complaint, "Judge Lewis continued to let ... Cheena get help from <u>every</u> lawyer in the audience," including "a class of 25 interns." (*Id.* (emphasis in original)).

Grant does not allege that ADA Cafferri was present at trial, but alleges that "Cafferri corruptly did all of ... Cheena's paperwork." (*Id.*) The complaint also implies that Cafferri has supervisory liability, stating that Cafferri was the "puppeteer" and that Cheena was "the puppet." (*Id.*)

Grant did not complete paragraph III of the form complaint, which prompts the plaintiff to request relief. However, in paragraph II.A, which inquires about injuries, Grant complains that she was falsely convicted and will lose various teaching licenses as a result. She further complains that she already "lost a year of [her] life in jail," and "will not be able to make a living" as a result of the loss of her licenses. (*Id.* at ¶ II.A.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court must screen a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Similarly, under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss any action filed *in forma pauperis* if the court determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."

2

In determining whether a complaint fails to state a claim, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In addition, *pro se* complaints must be held to less stringent standards than pleadings drafted by attorneys; a court is required to read a *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). However, even a *pro se* complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## DISCUSSION

### I. Grace Grant

Preliminarily, the Court notes that the complaint is signed only by Grant and not by her mother, Grace. Rule 11(a) of the Federal Rules of Civil Procedure requires that a pleading be signed "by a party personally if the party is unrepresented." Although the complaint is signed by Grant, a *pro se* litigant cannot represent anyone other than herself, not even her own relatives. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). Accordingly, any claims brought by Grace Grant or by Elizabeth Grant on behalf of her mother are dismissed.

### II. Prosecutorial Immunity

Prosecutors enjoy absolute immunity when they engage in "advocatory conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Thus, a prosecutor enjoys absolute immunity for acts undertaken "in preparing for the initiation of judicial proceedings or for trial" or that are "within the scope of [the prosecutor's] prosecutorial duties." *Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005). A prosecutor:

3

> acts within the scope of her duties even if she makes false statements during judicial proceedings, *see Burns v. Reed*, 500 U.S. 478, 490 (1991), knowingly uses false testimony, *Shmueli*, 424 F.3d at 237, deliberately withholds exculpatory evidence, *id.*, engages in malicious prosecution, *id.* at 238, or attempts to intimidate an individual into accepting a guilty plea, *Peay v. Ajello*, 470 F.3d 65, 67–68 (2d Cir. 2006).

*D'Alessandro v. City of New York*, 713 F. App'x 1, 5 (2d Cir. 2017) (summary order).

In this case, the wrongdoing attributed to Cheena and Gorden either occurred during the course of Grant's criminal trial or was "within the scope of [the prosecutor's] prosecutorial duties." *Shmueli*, 424 F.3d at 237. Construed liberally, the complaint alleges that Cheena withheld exculpatory evidence while introducing false evidence and making false statements against Grant, and that Gorden provided unfair assistance to Cheena at trial. Even assuming this conduct violated Grant's federal constitutional or statutory rights, it was "intimately associated with the judicial phase of the criminal process." *Giraldo*, 694 F.3d at 165; *Imbler*, 424 U.S. at 430. Since both prosecutors were acting within the scope of their duties, they enjoy absolute immunity for these actions even if they were wrongful or unlawful. See *D'Alessandro*, 713 F. App'x at 5.

With respect to Cafferri, the complaint implies that whatever "paperwork" she completed in connection with Grant's case was "in prepar[ation] for the initiation of judicial proceedings." *Shmueli*, 424 F.3d at 237. If so, Cafferri would enjoy absolute prosecutorial immunity with respect to her actions. However, even assuming that Cafferri was acting in an investigatory, rather than prosecutorial, capacity, the allegation that her name appeared on paperwork used by Cheena does not suggest impropriety. By characterizing Cafferri as a "puppeteer" and Cheena as her "puppet," Grant herself suggests that Cafferri was acting in a supervisory capacity. As such, it would not be at all unusual or improper to have Cafferri's name appear on briefs and other court submissions filed in connection with the prosecution.

III. Relief

Even if Defendants were not immune and if Grant's allegations stated a claim against any of the Defendants, the Court would dismiss the complaint for failure to request any relief. The only injuries alleged by Grant – loss of her license and liberty – are consequences of her felony conviction. The only way Grant can challenge her state-court conviction in this Court is via a petition for a writ of habeas corpus, which can only be filed after Grant exhausts her direct appeal. Any challenges to the constitutionality of her state conviction are not cognizable in this civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)).

IV. Leave to Amend

"A district court should not dismiss a *pro se* complaint without granting at least one opportunity to amend 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Williams v. Bronx Cty. Child Support Customer Serv. Unit*, 741 F. App'x 854, 856 (2d Cir. 2018) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Nonetheless, a court is under no obligation to grant leave to amend "if it determines the amendments would be futile." *Id.*

There is nothing in the complaint to suggest that Grant could allege a valid federal claim against Defendants if granted leave to amend her pleading. It is clear that Cheena and Gorden's actions took place during the trial and that the defendants enjoy absolute immunity with respect to the actions alleged in the complaint. While it is not entirely clear whether Cafferri enjoys immunity with respect to the paperwork she completed, nothing in the complaint suggests that Cafferri's actions violated Grant's federal constitutional or statutory rights. Accordingly, it would be futile to grant leave to amend.

V. <u>Warning</u>

"[D]istrict courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (citations and internal quotation marks omitted). This action appears to be vexatious, designed to harass the prosecutors who convicted her. Grant is warned that the future filing of repetitive, vexatious, and frivolous litigation may result in the imposition of an injunction prohibiting her from making future filings seeking *in forma pauperis* status without leave of the Court. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (internal quotation marks and citations omitted)); *Pierre v. U.S. Postal Serv.*, No. 18-CV-7474 (MKB), 2019 WL 653154, at *4 (E.D.N.Y. Feb. 15, 2019).

## CONCLUSION

For the reasons stated above, Grant's complaint is dismissed with prejudice and without leave to amend. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). The Clerk of Court is respectfully directed to enter judgment against Grant and in favor of Defendants, to mail a copy of the judgment and this Order to Grant, to note that mailing on the docket sheet, and to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      Nov 21, 2019

s/Roslynn R. Mauskopf
ROSLYNN. R. MAUSKOPF
United States District Judge

6